UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TOMAS AFEWORKI,

                    Plaintiff,

          v.

JUDY HUBERT *et* al.,

                    Defendants.

Case No.  C08-5160RJB/JKA

REPORT AND
RECOMMENDATION

**NOTED FOR:**
**July 11, 2008**

          This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.   Before the court are two motions to dismiss filed by the defendants (Dkt # 11 and 14). The first motion is from Snohomish Deputy Prosecutor Charlotte Comers.  The second motion is from the remaining defendants who are all employees of the Washington State Department of Corrections.  Plaintiff has responded to the motions (Dkt # 19).  Defendants have replied (Dkt # 17 and 18).  This matter is now ripe for review.

<u>FACTS</u>

          Plaintiff alleges his First and Fourteenth Amendment rights to access to courts were violated when defendant Comers refused to make the defendants in another action, <u>Afeworki v. Thompson</u>, 06-CV-

REPORT AND RECOMMENDATION
Page - 1

0628MJP/MAT, appear for depositions.  Plaintiff wished to take oral depositions, but, allegedly he had not arranged for a court reporter or taken the steps required by the Fed. R. Civ. P. to serve and enforce a subpoena.  Further, plaintiff did not have a place set aside for deposition as prison officials were not providing that assistance (Dkt. # 19, exhibit 10, March 20, 2007 letter to plaintiff from Judy Hubert).  Plaintiff also alleges defendant Comers contacted plaintiff's counselor and "collaborated" to prevent plaintiff from receiving assistance in setting up depositions.

Plaintiff also alleges his legal mail was not sent out.  He provides no proof to support this allegation and did not exhaust administrative remedies regarding this issue.  Plaintiff pursues this claim against prison officials and names mail room personnel, the people who investigated his grievance, and the legal liaison officer for the facility.

STANDARD OF REVIEW

A court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief.  Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983), citing; Conley v. Gibson, 355 U.S. 41, 45-56 (1957).  Dismissal for failure to state a claim may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor.  Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983).

DISCUSSION

1.   Defendant Comer.

Defendant Comer advances several arguments in favor of dismissal:

A.   This action is actually a substitute for an appeal of discovery rulings made in Afeworki v. Thompson, 06-CV-0628MJP/MAT.  The action is untimely because the time for an appeal has expired and the court lacks jurisdiction.

B.   Plaintiff fails to state a claim.

C.   Plaintiff failed to exhaust administrative remedies.

D.   Defendant Comer enjoys absolute and qualified immunity.

E.   This action is frivolous and should count as a strike.

(Dkt. # 11, pages 1 and 2).  The court will address each of these arguments.

A.      This action is actually an appeal.

While defendant's first argument has some initial appeal, close examination shows the argument to be without merit.  Plaintiff does not seek reinstatement of his prior action, nor does he seek to be allowed to depose the defendants from the prior action.  Plaintiff is seeking monetary damages for an alleged denial of his right to access courts (Dkt # 5, request for relief).  This cause of action is distinct and separate from his prior litigation claims.

B.      Plaintiff fails to state a claim.

Defendant's second argument is that this action fails to state a claim.  As a prisoner who is proceeding *in forma pauperis*, plaintiff is entitled to have the government serve his complaint.  The filing fee is collected in installments under the Prison Litigation Reform Act.  Those are the sole benefits from proceeding *in forma pauperis.  In forma pauperis* status does not waive the costs associated with litigation other than the filing fee.  Plaintiff must pay for all other costs of litigation, including the cost of a court reporter if that is his chosen means of recording a deposition he coordinated with defendants' counsel.

Defendant Comer's argues:

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under the color of state law; and (2) the person's conduct must have deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908 (1981) (overruled in part on other grounds); Daniels v. Williams, 474 U.S. 327, 330-31, 106 S. Ct. 662 (1986). Implicit in the second element, is a third element of causation. See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 286-87, 97 S. Ct. 568 (1977); Flores v. Pierce, 617 F.2d 1386, 1390-91 (9th Cir. 1980), cert. denied, 449 U.S. 875, 101 S. Ct. 218 (1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed. That plaintiff may have suffered harm, even if due to another's negligent conduct does not in itself necessarily demonstrate an abridgment of constitutional protections. Davidson v. Cannon, 474 U.S. 344, 106 S. Ct. 668 (1986). Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss. Peña v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). "Neither a municipality nor a supervisor . . . can be liable under § 1983 where no injury or constitutional violation has occurred." Jackson v. City of Bremerton, 268 F.3d 646, 653 (9th Cir. 2001).

Moreover, in Bounds v. Smith, 430 U.S. 817 (1997), the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 420 U.S. 817, 828, 97 S.Ct. 1491 (1997). However, it is a well settled concept under the law that in order to have standing, a plaintiff must have suffered an injury. Applying this to the constitutional right to access to the courts, the Supreme Court held "the inmate . . . must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 US 343, 351, 116 S.Ct 2174 (1996).

Plaintiff alleges that Defendant Comer's actions violated his constitutional rights under the First and Fourteenth by denying him "legal assistance" and "access to the United States District Court." (Complaint ¶ 5.2). First, as noted above, Plaintiff was not Defendant Comer's client. Indeed, Defendant Comer was ethically prohibited from providing Plaintiff with "legal assistance." See RPC 4.3. While the Supreme Court has recognized a constitutional obligation of a correctional facility to provide certain "legal assistance" to an inmate, there is no authority to support the proposition that this maxim extends to opposing counsel.

Second, Plaintiff has shown no injury caused by Defendant Comer. See Lewis, 518 US at 351; Jackson, 268 F.3d at 653. There is no evidence that Plaintiff's inability to properly note depositions prior to the discovery deadline interfered with his access to the court. In fact, for purposes of summary judgment, Magistrate [Judge] Theiler ASSUMED PLAINTIFF'S ALLEGATIONS WERE TRUE. She nonetheless issued an R & R that Plaintiff's case be dismissed. Further, Judge Pechman pointed out Plaintiff's factual claim that he was denied discovery was irrelevant and of no consequence. "There is no apparent basis to find that the depositions would provide additional proof for a viable claim by Plaintiff, **particularly because the R & R essentially accepts the factual allegations in Plaintiff's complaint as true. . ."** As there is no "causation" between Defendant Comer's actions and any alleged injury, Plaintiff's Complaint should be dismissed for failure to state a claim which is viable under Fed. R. Civ. P. 12(b)(6).

(Dkt. # 11, pages 10 to 12(footnotes omitted)).  As defendant Comer notes, she represented the defendants in the prior action.  While as an officer of the court she owed certain duties to the plaintiff, she was under no obligation to agree to deposition that did not conform to the rules for taking deposition as set forth in the Federal Rules of Civil Procedure.  Refusing to compel her clients to attend the depositions under these conditions was certainly within counsel's role as an advocate.   This portion of the claim against counsel is without merit.

The second portion of the claim is that counsel "collaborated" with prison officials to prevent the depositions from occurring.  As the court in Afeworki v. Thompson, 06-CV-0628MJP/MAT noted, plaintiff conducted no discovery and then received extensions of time.  When the extended time had nearly elapsed, plaintiff attempted to set depositions.  He did not move to compel or bring any discovery dispute to the court's attention until after the discovery deadline had past (Afeworki v. Thompson, 06-CV-0628MJP/MAT Dkt. # 43 and 47).

A claim of collaboration such as the one in this case is actually a conspiracy claim.  To state a claim plaintiff has the burden of pleading the actions taken against him were based on some class-based factor such as racial animus.  Plaintiff fails to plead facts to support a conspiracy claim.  Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir.1992); Griffith v. Breckenridge, 403 U.S. 88, 102 (1971).

Further, the defendants were under no duty to aid him in setting up depositions as the legal assistance required by Bounds v. Smith, 430 U.S. 817 (1997), extends only through the pleading phase of litigation.

1   <u>Cornett v Donovan</u>, 51 F.3d 894 (9th Cir. 1995).  Defendant Comer is entitled to dismissal for failure to

2   state a claim.

3           C.      <u>Administrative remedies</u>.

4           The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior

5   to filing a complaint in federal court.  The relevant portion of the act states:

6           No action shall be brought with respect to prison conditions under section 1983 of this title,
        or any other Federal law, by a prisoner confined in any jail, prison, or other correctional
7           facility until such administrative remedies as are available are exhausted.

8   42 U.S.C. § 1997e(a).

9           Here, plaintiff filed this action while incarcerated and the act applies to him.  The United States

10  Supreme Court determined that Congress enacted the provision in order to reduce the quantity and improve the

11  quality of prisoner suits.  <u>Porter v. Nussle</u>, 534 U.S. 516 (2002).  By mandating exhaustion, Congress enabled

12  corrections officials to address prisoner complaints internally.  Where exhaustion was once discretionary, it is

13  now mandatory.  "All 'available' remedies must now be exhausted; those remedies need not meet federal

14  standards, nor must they be 'plain, speedy, and effective.'" <u>Porter v. Nussle</u>, 534 U.S. 516 (2002) (quoting

15  <u>Booth v. Churner</u>, 532 U.S. 731, 739 (2001)).  The <u>Porter</u> Court ruled that "§ 1997e(a)'s exhaustion

16  requirement applies to all prisoners seeking redress for prison circumstances or occurrences." <u>Porter</u>, 534 U.S.

17  at 520.

18          The problem the court encounters is that defendant Comer is not part of the prison system.  The

19  grievance process does not reach to correct actions taken by the Snohomish County Prosecutor's Office.

20  Plaintiff need not have named any prison official to commence an action against defendant Comer.  Thus,

21  the court finds the argument of failing to exhaust administrative remedies is not applicable to this

22  defendant.

23          D.      <u>Immunity</u>.

24          Immunity is an affirmative defense that must be raised by the defendant.  Defendant Comer

25  represented the defendants in a civil rights action as part of her duties as a deputy prosecuting attorney for

26  Snohomish County.  She claims immunity, both absolute and qualified.  In <u>Imbler v Pachtman</u>, 424 U.S.

27  409 (1976), the United States Supreme Court extended the absolute immunity doctrine to actions brought

28  under 42 U.S.C. § 1983.  Since that holding, circuit courts have held attorneys who defend state officials in

1   civil rights action enjoy absolute immunity for their advocacy functions. <u>Murphy v Morris</u>, 849 F.2d 1101,

2   1105 (8th Cir. 1988).

3       Defendant Comer's action in refusing to agree to depositions was such an advocacy function. She

4   is entitled to absolute immunity for that decision.

5       The allegation that she conspired with prison officials to prevent the depositions from occurring is

6   not an advocacy function.  Immunity would not extend to this allegation; however, as noted above, this

7   allegation fails to state a claim as there is no contention the conspiracy was based on racial animus.

8   Defendant Comer is entitled to dismissal.

9       E.    <u>Strike under 28 U.S.C. 1915 (g)</u>.

10      The dismissal of this defendant is in part because of failure to state a claim.  A Strike under 28

11  U.S.C. 1915 (g) would be appropriate, however, the court must consider if the complaint states a claim

12  against any defendant.  Thus, the Court should reserve making a recommendation on this issue at this point

13  in the analysis.

14      2.    <u>Other Defendants</u>.

15      The remaining defendants are all persons working at the Mc Neil Island Corrections Center.  The

16  allegations against these defendants are that they failed to assist plaintiff in setting depositions and on two

17  occasions it is alleged they rejected outgoing legal mail.  The alleged dates regarding outgoing legal mail

18  are February 8, 2007, and on or about February 18, 2007.

19      These defendants move to dismiss for failure to exhaust administrative remedies. The case law and

20  standard for reviewing this claim were set forth above and will not be repeated. <u>Infra</u> page 5.

21      Defendants show that plaintiff never filed any grievance regarding the taking of depositions.

22  Further, grievances regarding outgoing legal mail were responded to, and prison officials contend no mail

23  was held.  Plaintiff did not exhaust these grievances through all steps of the process, and no claim in this

24  action is exhausted.

25      The claims against all defendants except defendant Comer should be **DISMISSED WITHOUT**

26  **PREJUDICE.**  As the recommendation is to dismiss the claims without prejudice, a strike pursuant to 28

27  U.S.C. §1915 (g) is not appropriate.

28                                    <u>CONCLUSION</u>

REPORT AND RECOMMENDATION
Page - 6

Claims against defendant Comer should be **DISMISSED WITH PREJUDICE** for the reasons stated above.  The remaining claims would be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.  The court should not impose a strike in this case.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 11, 2008,** as noted in the caption.

DATED this 12 day of June, 2008.


*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 7