UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TOMAS AFEWORKI,<br><br>               Plaintiff,<br><br>     v.<br><br>JUDY HUBERT, et al.,<br><br>               Defendants. | Case No. C08-5160RJB<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION AND<br>DISMISSING CASE |

This matter comes before the court on consideration of the Report and Recommendation of the Magistrate Judge. Dkt. 24. The court has considered the relevant documents, including objections filed by plaintiff (Dkt. 27) and by defendant Charlotte Comer (Dkt. 25), and a response filed by the State defendants (Dkt. 28)..

On June 12, 2008, U.S. Magistrate Judge J. Kelley Arnold issued a Report and Recommendation, recommending that the claims against Snohomish County Deputy Prosecutor Charlotte Comers be dismissed with prejudice, that the claims against the Washington State defendants be dismissed without prejudice for failure to exhaust administrative remedies. Dkt. 24. The court concurs with the magistrate judge, and the case should be dismissed as recommended.

The Report and Recommendation recommended that the dismissal should not count as a strike under 28 U.S.C. § 1915(g), because dismissal against the State defendants was not for failure to state a claim but for failure to exhaust administrative remedies. Defendant Comer objects to this portion of the Report and Recommendation, contending that, because plaintiff had failed to state a claim against her, the dismissal should count as a strike. Dkt. 25.

28 U.S.C. § 1915(g) provides as follows:

ORDER
Page - 1

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an *action* or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Emphasis added*. Failure to exhaust under the Prison Litigation Reform Act (PLRA) is an affirmative defense that may be raised through an unenumerated motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1117-1119 (9th Cir.2003). In this case, the dismissal of the unexhausted claims against the State defendants was based on a failure to exhaust administrative remedies under the PLRA, not as frivolous, malicious, or for failure to state a claim. The dismissal of the claims against Ms. Comer was for failure to state a claim. However, the plain language of 42 U.S.C. § 1915(g) refers to an *action* that was dismissed as frivolous, malicious, or for failure to state a claim, not for a *portion* of an *action* that was dismissed on that basis. The court should decline to assess a strike when the claims against one defendant are dismissed for failure to state a claim, while the claims against the remaining defendants are dismissed for failure to exhaust administrative remedies.

Therefore, it is hereby

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Dkt. 24), is **ADOPTED**. Plaintiff's claims against defendant Charlotte Comer are **DISMISSED WITH PREJUDICE**. Plaintiff's claims against the remaining defendants are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies under the PLRA. This dismissal shall not count as a dismissal under 42 U.S.C. § 1915(e)(2)(B), nor shall the dismissal constitute a strike under 42 U.S.C. § 1915(g).

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 5th of August, 2008.

ROBERT J. BRYAN
United States District Judge

ORDER
Page - 2